**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2285
_____

IN RE: DANIEL PATRICK SHEEHAN,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1:21-cv-01147)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 28, 2022
Before: MCKEE, GREENAWAY, Jr. and PORTER, Circuit Judges

(Opinion filed: August 11, 2022)
_____

OPINION*
_____

PER CURIAM

    Federal prisoner Daniel Patrick Sheehan petitions pro se for a writ of mandamus in

connection with his habeas proceedings in the United States District Court for the Middle

District of Pennsylvania. For the reasons that follow, we will deny the petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In 2013, a jury in the United States District Court for the Eastern District of New York found Sheehan guilty of Hobbs Act extortion and use of a destructive device. That court sentenced him to 361 months in prison. The United States Court of Appeals for the Second Circuit then affirmed his conviction and sentence. Sheehan has since mounted several unsuccessful post-conviction challenges.

In June 2021, while incarcerated at Allenwood FCI, Sheehan filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania (hereinafter "the District Court"). About a month later, the District Court dismissed the petition for lack of jurisdiction. Sheehan appealed, but our Clerk later dismissed that appeal for failure to prosecute. See C.A. No. 21-2614. Rather than pursuing his appeal, Sheehan moved the District Court for relief under Federal Rule of Civil Procedure 60(b). After the District Court denied that motion in December 2021, Sheehan timely moved for reconsideration of that denial. The District Court denied reconsideration on June 9, 2022. Later that month, Sheehan appealed from the June 9 order; that appeal is pending before this Court in C.A. No. 22-2168.

After filing that new appeal, Sheehan filed this mandamus petition, appearing to challenge his conviction and the District Court's resolution of his § 2241 proceedings.

2

II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).

Sheehan has not made that showing here. His mandamus petition appears to raise issues that either were the subject of his past appeals or are the subject of his appeal that is pending before this Court. Because mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal," Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996); see In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."), we will deny Sheehan's mandamus petition.